**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**FILED**

**JAN 14 2008**

Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MARCUS T. BELK, )<br>)<br>Defendant. )<br>)<br>_____) | Mag. No. 08-015-M-01<br><br>2 U.S.C. § 434<br>2 U.S.C. § 437g(d) |

## INFORMATION

The United States charges:

### Background

At all times material to this Information:

### The Federal Election Commission and Regulation of Federal Elections

1. The Federal Election Commission (the Commission) was an independent agency of the United States Government charged with the administration and civil enforcement of the Federal Election Campaign Act (the Act), and, in particular, its public disclosure features described below. 2 U.S.C. § 437g(a).

2. The Act required any entity that had either received contributions in excess of $1,000 in a calendar year or made expenditures in excess of $1,000 in a calendar year for the purpose of influencing a federal election to register with the Commission as a political committee and file periodic reports of its receipts and disbursements. 2 U.S.C. § 431(4), § 433, § 434. In particular, the Act required:

    a.    Each political committee to file a Statement of Organization within 10 days of becoming a political committee that contained the name and address of the treasurer, the custodian of the committee's records, and the location of its campaign depositories. 2 U.S.C. § 433(a), § 433(b).

    b.    All contributions to a political committee to be deposited in the committee's designated campaign depository and not commingled with the personal funds of any individual. 2 U.S.C. § 432(b)(3), § 432(h)(1).

    c.    The treasurer to file quarterly reports 15 days after each calendar quarter that included the total amount of contributions received during the reporting period and the name and address of each person who contributed more than $200 in a calendar year and date and amount of such contributions. 2 U.S.C. § 434(a)(4), § 434(b)(3)(A).

    d.    The Commission to make the aforesaid information available to the public within 48 hours of receipt. 2 U.S.C. § 438(a)(4).

### General Allegations

3. On or about June 10, 2003, defendant MARCUS T. BELK filed with the Commission a Statement of Organization for each of the following four entities: the "National Democratic Congressional Committee," the "National Democratic Senatorial Committee," the "National Democratic Political Committee," and the "Democratic Majority 2004." Each of these four documents identified the defendant as the committee's treasurer and custodian of records and the First Union Bank in Jersey City, New Jersey, as its campaign depository.

4. On or about August 8, 2003, defendant MARCUS T. BELK filed a Statement of Candidacy with the Commission for his 2004 candidacy for the United States Senate from the State of South Carolina. From September 2003 to May 2004 the defendant filed false reports with the Commission indicating that he had received contributions aggregating over $280,000 from unidentified contributors, although he had received only a small number of number of contributions totaling less than $5,000 during his entire campaign.

5. On or about September 15, 2003, defendant MARCUS T. BELK filed termination reports with the Commission for the four committees referenced in paragraph 3.

6. On or about February 6, 2004, the Ford Motor Company Civic Action Fund mailed a contribution in the amount of $15,000 to the National Democratic Congressional Committee (NDCC) that was sent to defendant MARCUS T. BELK as treasurer of the NDCC at the New Jersey address listed on the Statement of Organization that had been filed by the defendant.

7. On or about March 9, 2004, defendant MARCUS T. BELK opened two accounts with the Bank of America, located at 901 Savanna Highway, Charleston, South Carolina: (a) a business account titled "Marcus T. Belk DBA NDCC" (NDCC Account), in which the defendant deposited the $15,000 check referred to in paragraph 6; and (b) a personal checking account titled "Marcus T. Belk" (Personal Account), in which the defendant deposited the sum of $100.

8. From on or about April 4, 2004, to April 26, 2004, defendant MARCUS T. BELK transferred $14,652 from the NDCC Account to the Personal Account, and used most of the transferred funds for personal purposes, including rent, furniture, and car expenses.

## COUNT ONE
### (2 U.S.C. § 434 and § 437g(d))

9. Paragraphs 1 to 3 and 5 to 8 are realleged as if fully set forth herein.

10. On or about March 15, 2004, in the District of Columbia and elsewhere, the defendant, MARCUS T. BELK, knowingly and willfully failed to file a report of receipts and disbursements with the Federal Election Commission that reflected the defendant's receipt of a contribution to the National Democratic Congressional Committee (NDCC) in the amount of $15,000 on or about February 6, 2004, from the Ford Motor Company Civic Action Fund that was sent to the defendant as treasurer of the NDCC, as required by the Federal Election Campaign Act, such reporting violation involving an amount aggregating $2,000 or more in a calendar year, in violation of Section 434 and Section 437g(d)(1)(A)(ii) of Title 2 of the United States Code.

Dated: _January 4, 2008_

WILLIAM M. WELCH II
Chief
Public Integrity Section

NANCY L. SIMMONS
Trial Attorney
Public Integrity Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, DC 20005