**FILED**

JAN 14 2008

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA.     )
                              )
v.                            )     mag. No. 0 8 - 0 1 5 - M - 0 1
                              )
MARCUS T. BELK,               )
                              )
        Defendant.            )
                              )
_____)

## PLEA AGREEMENT

The United States of America and MARCUS T. BELK (hereinafter referred to as the "defendant") enter into the following agreement:

### Charges and Statutory Penalties

1.  The defendant agrees to plead guilty to Count One, Failure to Report Contribution, in violation of Title 2, United States Code, Sections 434 and 437g(d)(1), of the Information.

2.  The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a.  First, the receipt by the defendant of a contribution in an amount exceeding $2,000 in a calendar year;

    b.  Second, the failure of the defendant to report this contribution to the Federal Election Commission;

    c.  Third, the defendant's conduct was knowing and willful.

3.  The defendant understands that pursuant to 2 U.S.C. § 437g(d)(1)(A)(ii), Count One carries a maximum sentence of one year of imprisonment, a $100,000 fine, a $25 special assessment,



a one-year term of supervised release, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

**Factual Stipulations**

4. The defendant agrees that the attached "Factual Basis for Plea" fairly and accurately describes the defendant's actions and involvement in the offense to which the defendant is pleading guilty. The defendant knowingly, voluntarily, and truthfully admits the facts set forth in the Factual Basis for Plea.

**Sentencing**

5. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise that advisory sentence up to and including the statutory maximum sentence or lower that advisory sentence. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence

within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

6. The Public Integrity Section, Criminal Division, United States Department of Justice (hereinafter "Public Integrity"), reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, Public Integrity further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this plea agreement.

**Sentencing Guidelines Stipulations**

8. The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2003 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

3

a. <u>Offense Level under the Guidelines</u>:

  i. The parties agree that the offense of Failure to Report Contribution, 2 U.S.C. § 434 and § 437g(d), is governed by § 2C1.8 of the November 2003 Edition of the advisory Sentencing Guidelines.

  ii. The parties further agree that the following Sentencing Guideline factors, computation, and analysis apply to the defendant in this case, resulting in an advisory Combined Adjusted Offense Level of **12**:

  | | | |
  |---|---|---|
  | Base Offense Level | 8 | § 2C1.8 |
  | Amount of Illegal Transaction | +4 | § 2B1.1(b)(1)(C) |
  | Combined Adjusted Offense Level | 12 | |

b. <u>Acceptance of Responsibility</u>

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of Public Integrity, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, Public Integrity agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

Public Integrity, however, may oppose any adjustment for acceptance of responsibility if the defendant:

  i. fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

  ii. challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

  iii. denies involvement in the offense;

  iv. gives conflicting statements about that involvement or is untruthful with the Court, the United States, or the Probation Office;

  v. fails to give complete and accurate information about the defendant's financial status to the Probation Office;

  vi. obstructs or attempts to obstruct justice, prior to sentencing;

  vii. has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

  viii. fails to appear in court as required;

  ix. after signing this Plea Agreement, engages in additional criminal conduct; or

  x. attempts to withdraw the plea of guilty.

In accordance with the above, the defendant's applicable Sentencing Guidelines Offense Level is **10**.

 c. <u>Criminal History Category</u>

Based upon the information now available to Public Integrity (including representations by the defense), the parties agree to recommend that the defendant's Criminal History Category is I..

 d. <u>Applicable Guideline Range</u>

Based upon the calculations set forth above, the defendant's stipulated Sentencing Guidelines range is 6 to 10 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 10, the applicable fine range is $2,000 to $20,000.

e. <u>Downward or Upward Departure Unwarranted</u>

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

**Agreement as to Sentencing Allocution**

9. The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, although not binding on the Probation Office or the Court, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above.

**Court Not Bound by the Plea Agreement**

10. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11 (c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range

based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

**Appeal Waiver**

11. The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that his guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in consideration of the concessions made by Public Integrity in this Agreement, the defendant knowingly and voluntarily waives his right to appeal or collaterally challenge: (a) the defendant's guilty plea and any other aspect of the defendant's conviction; and (b) the defendant's sentence or the manner in which his sentence was determined pursuant to 18 U.S.C. §3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum, or the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a).

12. The defendant further understands that nothing in this Agreement shall affect Public Integrity's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if Public Integrity appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with Public

Integrity, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in D.C. Circuit Court of Appeals or Supreme Court cases decided after the date of this Agreement that are held by the D.C. Circuit or Supreme Court to have retroactive effect..

**Release/Detention**

14. The defendant acknowledges that while Public Integrity will not seek a change in the defendant's release conditions pending sentencing, the final decision regarding the defendant's bond status or detention will be made by the Court at the time of the defendant's plea of guilty. Should the defendant engage in further criminal conduct or violate any conditions of release prior to sentencing, however, Public Integrity may move to change the defendant's conditions of release or move to revoke the defendant's release.

**Accounting of Assets**

15. The defendant agrees to provide a full and complete accounting of all assets, real or tangible, held by the defendant or for the defendant's benefit.

**Breach of Agreement**

16. The defendant understands and agrees that if, after entering this Plea Agreement, the defendant fails specifically to perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, the defendant will have breached this Plea Agreement. In the event of such a breach: (a) Public Integrity will be free from its obligations under the Agreement; (b) the defendant will not have the

right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) Public Integrity will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including the defendant's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

17.     The defendant understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules.

18.     The defendant understands and agrees that Public Integrity shall only be required to prove a breach of this Agreement by a preponderance of the evidence. The defendant further understands and agrees that Public Integrity need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Agreement.

19.     Nothing in this Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Agreement or committed by the defendant after the execution of this Agreement. The defendant understands and agrees that Public Integrity reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's

obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, the defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

20. It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. Specifically, the defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

21. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for Public Integrity.

22. The defendant further understands that this Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Agreement does not bind the Civil Division or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant, including any claim by the Federal Election Commission.

23.     If the foregoing terms and conditions are satisfactory, the defendant may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by the defendant and by you or other defense counsel.

>FOR THE UNITED STATES
>
>WILLIAM M. WELCH II
>Chief
>Public Integrity Section
>
>_/s/ Nancy L. Simmons_
>NANCY L. SIMMONS
>Trial Attorney
>Public Integrity Section
>1400 New York Ave. NW
>Washington, DC 20005
>(202) 514-1412

## DEFENDANT'S ACCEPTANCE

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with Public Integrity. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement

freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

Date: 12-17-2007

_____
**MARCUS T. BELK**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12/18/07

_____
BRIAN J. NEARY, Esquire
Attorney for the Defendant