RECEIVED
FEDERAL ELECTION
COMMISSION
OFFICE OF GENERAL
COUNSEL

2008 JAN 17 P 2: 23

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
)
) ~~Crim. No. 07-~~
) Mag. No. 08-015M
v. )
)
Marcus T. Belk )
)
        Defendant )

FILED
FEB 13 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ADDENDUM AND CONCILIATION OF CIVIL VIOLATIONS
UNDER JURISDICTION OF THE FEDERAL ELECTION COMMISSION**

1.  Defendant acknowledges that the Federal Election Commission (FEC) has civil jurisdiction over the violations of the Federal Election Campaign Act of 1971, as amended (FECA), that are the subject matter of these proceedings. Defendant further acknowledges that the FEC has the authority to seek civil remedies against him for these violations pursuant to 2 U.S.C. § 437g(a)(5).

2.  Defendant admits that he knowingly and willfully violated 2 U.S.C. §§ 433 and 434 by operating the National Democratic Congressional Committee ("NDCC") as a political committee without registering and reporting with the FEC.

3.  Defendant admits that the FEC could prove by a preponderance of the evidence that he knowingly and willfully violated (a) 2 U.S.C. § 441a(a)(1)(C) by accepting an excessive contribution made to the NDCC in the amount of $15,000; (b) 2 U.S.C. § 432(b)(3) by commingling funds contributed to the NDCC with his personal funds; and (c) 2 U.S.C. § 441h(a) by using the NDCC to fraudulently misrepresent himself as acting for or on behalf of a political party on a matter that was damaging to the political party because it resulted in misdirection of a $15,000 contribution.

4.  Defendant admits that the FEC could prove by a preponderance of the evidence that he knowingly and willfully violated 2 U.S.C. § 432(c) and 11 C.F.R. § 102.9(a) by failing to accurately account for and report contributions made to his authorized committee, Belk 2004 US Senate.

5.  Defendant agrees to cease and desist from violating 2 U.S.C. §§ 432(b)(3), 432(c), 433, 434, 441a(a)(1)(C), and 441h(a) and 11 C.F.R. § 102.9(a).

6.  Pursuant to 2 U.S.C. § 437g(a)(5)(B), the FEC may seek a civil penalty for knowing and willful violations of 2 U.S.C. §§ 432(b)(3), 432(c), 433, 434, 441a(a)(1)(C), and 441h(a) and 11 C.F.R. § 102.9(a), of up to 200 percent of any contribution or expenditure involved in such violation. In light of the financial circumstances of the Defendant and his entering into the terms of the Plea Agreement, including paragraphs 8(d) and 15, the FEC seeks no civil penalty. However, Defendant is prohibited from working or volunteering in federal political campaigns in a capacity involving a committee's finances or disclosure reports for a period of 10 years from the date of the Plea Agreement.

FOR THE DEFENDANT

_____
Marcus T. Belk

FOR THE FEDERAL ELECTION COMMISSION

THOMASENIA P. DUNCAN
General Counsel

By: _____
~~ANN MARIE TERZAKEN~~ Kathleen Guith
Acting Associate General Counsel
  for Enforcement
Federal Election Commission